IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-05049-01-CR-SW-MDH |
| ) | |
| MICHAEL S. CREEL, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 817. Defendant was sentenced on June 22, 2020 to 156 months imprisonment following a guilty plea for possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 817, which implements certain parts of the First Step Act to expand eligibility of the safety valve provision under §5C1.2. In promulgating Amendment 817, however, the Sentencing Commission failed to include the Amendment among those listed in § 1B1.10(d), thereby signaling Amendment 817 does not apply retroactively, before November 1, 2023. Because Defendant was sentenced in 2020, Amendment 817 does not apply and Defendant's Motion is therefore **DENIED**. Further, Defendant's Motion

1

for Appointment of Counsel is also **DENIED**, as there is no right to counsel under 18 U.S.C. § 3582(c). *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009).

**IT IS SO ORDERED**.

DATED: May 28, 2024 /s/ Douglas Harpool  
**DOUGLAS HARPOOL**  
**UNITED STATES DISTRICT JUDGE**